# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**THE PARK AT STONEHAVEN
and BLUEROCK PARTNERS LLC,**

    **Plaintiffs,**

  v.                                   1:18-cv-486-WSD

**EBONI ROSS,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [3] ("Final R&R"). The R&R recommends this action be remanded to the Magistrate Court of DeKalb County.

## I.    BACKGROUND

On October 11, 2017, Plaintiffs The Park at Stonehaven and Bluerock Partners LLC (collectively "Plaintiffs") initiated a dispossessory warrant ("Complaint") against Defendants in the Magistrate Court of DeKalb County, Georgia. On January 31, 2018, Defendant Eboni Ross ("Defendant"), proceeding *pro se*, removed the DeKalb County action to this Court by filing a Notice of Removal and Application to Proceed *In Forma Pauperis* ("IFP Application"). [1].

That same day, the Magistrate Judge granted Defendant's IFP application and issued his Final R&R.

The Magistrate Judge found that the Court lacks subject matter jurisdiction over Plaintiff's Complaint, and recommends this action be remanded to the Magistrate Court of DeKalb County. No objections to the Final R&R have been filed.

**II.   ANALYSIS**

   A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

   B.   Discussion

The Magistrate Judge determined that the Complaint does not contain any federal claims, and removal based on federal question jurisdiction is improper. ([3] at 3). The Magistrate Judge also determined that Defendant failed to plead

diversity jurisdiction s and that, even if alleged, diversity does not provide a proper basis for removal according to 28 U.S.C. § 1441(b)(2). (Id. at 4). The Magistrate Judge concluded that the Court lacks subject matter jurisdiction over this state dispossessory proceeding, and recommends the Court remand this action to the Magistrate Court of DeKalb County. The Court finds no plain error in the Magistrate Judge's findings and recommendation, and this action is remanded. See Slay, 714 F.2d at 1095.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County.

**SO ORDERED** this 2nd day of March, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE